In the Matter of Lassen L. Walsh, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, April 21, 1953.

*Frank H. Gordon* (*Frederick H. Block* with him on the brief), for petitioner.

*Richard L. Baltimore, Jr.,* of counsel (*Baltimore & Paulson,* attorneys), for respondent.

*Per Curiam.* Respondent is charged with having violated Canon 21 of the Canons of Professional Ethics, by " grossly neglecting the interests of his client and by failing to be concise and direct in disposing of his client's cause of action " with respect to two separate charges.

The charge should be dismissed that he neglected to prosecute an action for divorce for a woman named Bernice Harris against her husband, for alleged adultery committed by him in St. Louis, Missouri. Respondent's version of this incident is reasonable, it accords with the probabilities, and was not broken down upon cross-examination. No misconduct on his part has been established under this charge, which is no longer being pressed.

The situation is otherwise with respect to the charge that respondent neglected to protect the legal rights of Mr. Brown and Mrs. White, in whose interest he was consulted March 9, 1949. These people had been sued in the United States District Court for charging rent in excess of the Federal ceiling rate to a roomer in an apartment. Although paid $40 in retainer fees, respondent neglected to communicate with these clients or to answer or appear in these actions, in consequence whereof judgments by default were taken against them in August, 1949, in the sum of $44 apiece. It may be that if this default resulted from mere inadvertence upon respondent's part, and if afterward he had admitted his fault and done what he could to repair the oversight, there might not be occasion to take disciplinary

action. On the contrary, however, instead of admitting his error, respondent attempted to justify himself by contending that Brown told him on the day after he was retained, that he need do nothing about the case due to Brown's having engaged another attorney, and respondent also falsely asserted that he was not consulted by or on behalf of Mrs. White until after she was in default. Respondent's own records show the fact to be otherwise. Moreover, after the default judgments had been taken, and Mrs. White had obtained another lawyer in order to open the defaults, respondent promised to supply an affidavit to be used upon such applications, but neglected to do so. The $40 in fees which he received were returned after complaint had been made to the Bar Association.

The loss sustained by these persons from respondent's misconduct was slight at most, nevertheless, respondent was not warranted in neglecting these actions which he had been paid to defend, nor in failing to do what he could to rectify his omission after it was discovered. He certainly should not have tried to justify it.

Respondent should be suspended for three months from the practice of law.

Peck, P. J., Cohn, Callahan, Van Voorhis and Bergan, JJ., concur.

Respondent suspended for a period of three months.